Alex D. Kruzyk (to seek admission *pro hac vice*)
akruzyk@pkglegal.com
Bryan A. Giribaldo (to seek admission *pro hac vice*)
bgiribaldo@pkglegal.com
**PARDELL, KRUZYK & GIRIBALDO, PLLC**
7500 Rialto Blvd. Suite 1-250
Austin, Texas 78735
Tele: (561) 726-8444

Todd M. Friedman *(to seek admission *pro hac vice*)
Adrian R. Bacon *(to seek admission pro hac vice)
**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
21031 Ventura Blvd., Suite 340
Woodland Hills, CA 91364
Phone: (323) 306-4234
tfriedman@toddflaw.com
abacon@toddflaw.com

*Counsel for Plaintiff and the proposed Class*

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| Rachel Soale, on behalf of herself and all others similarly situated, | ) <br> ) Case No. <br> ) |
| Plaintiff, | ) **CLASS ACTION COMPLAINT** <br> ) |
| vs. | ) **JURY TRIAL DEMANDED** <br> ) |
| eXp Realty, LLC, | ) <br> ) |
| Defendant. | ) <br> ) |

Class Action Complaint - 1

**Nature of this Action**

1. Rachel Soale ("Plaintiff"), individually and on behalf of all others similarly situated, brings this class action against eXp Realty, LLC ("Defendant") under the Telephone Consumer Protection Act ("TCPA").

2. Upon information and belief, Defendant routinely violates 47 U.S.C. § 227(b)(1)(A)(iii) by using an artificial or prerecorded voice to place non-emergency calls to telephone numbers assigned to a cellular telephone service without prior express consent.

3. Specifically, Defendant routinely and repeatedly calls consumers' cellular telephone numbers—like Plaintiff—while leaving artificial or prerecorded voice messages to suspected homeowners in an effort to gauge their interest in Defendant's real estate services.

4. Upon information and belief, Defendant also routinely violates 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c)(2) by delivering more than one advertisement or marketing call or text message to residential or cellular telephone numbers registered with the National Do-Not-Call Registry ("DNC Registry") without the prior express invitation or permission required by the TCPA.

**Parties**

5. Plaintiff is a natural person who at all relevant times resided in Phoenix, Arizona.

6. Defendant is a Washington limited liability company with its principal place of business in Bellingham, Washington.

7. Defendant is a global real estate brokerage that contracts with over 87,000 real estate agents worldwide, and purports to be the largest real estate brokerage in North America.[1]

---

[1] *See* https://www.exprealty.com/join-exp (last visited February 25, 2025).

Class Action Complaint - 2

**Jurisdiction and Venue**

8. This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(1)(a)(iii), and 28 U.S.C. § 1331.

9. Venue is proper before this Court under 28 U.S.C. § 1391(b)(2) as a significant portion of the events giving rise to this action occurred in this district.

10. In particular, the solicitation calls and text messages to Plaintiff's telephone number originated from this district, and Plaintiff received the solicitation calls and text messages in this district.

**Factual Allegations**

11. Plaintiff is, and has been at all times relevant to this action, the regular and sole user of her cellular telephone number—(304) 695-XXXX.

12. Plaintiff uses her cellular telephone as her personal residential telephone number.

13. In 2003, the Federal Communications Commission ("FCC") ruled that cellular telephone numbers that are placed on the DNC registry are presumed to be residential. *In Re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 F.C.C. Rcd. 14014, 14039 (2003).

14. Plaintiff registered her cellular telephone number with the DNC Registry on March 08, 2008, and has maintained that registration through the present date.

15. In 2024, Plaintiff was attempting to sell her house with the use of a real estate agent, and in doing so, listed her house on the Multiple Listing Service ("MLS").

16. After a brief period, Plaintiff removed her home from the MLS, which then prompted Defendant to bombard Plaintiff's cellular telephone number with requests for its licensed agents to represent Plaintiff in the sale of her home.

17. Specifically, starting in January 2025, Plaintiff received numerous telephone calls and text messages from (520) 772-4900 seeking to solicit Plaintiff to retain Defendant's agents—specifically, the Joshua Jackson Realty Group—for the sale of her home:

Class Action Complaint - 3



18. Included among these solicitations were prerecorded voice messages, a sample of which is available HERE.

19. Due to the generic and impersonal nature of the voicemail message, the mass-marketing nature of the communications, and the fact that the voicemail was delivered with a two-minute-long script without stutter, hesitation, error, or pause—verbal acts that would typically be expected had a live person delivered a message of that duration—the voicemail message at-issue was delivered with the use of a prerecorded voice.

20. Defendant's national brand website, exprealty.com, lists Mr. Jackson as one of its licensed real estate agents.[2]

21. The Arizona Department of Real Estate also lists Mr. Jackson as a licensed realtor employed by Defendant.[3]

22. The URL referenced in the text messages—https://bit.ly/explistingaz—redirects consumers to the following website: https://online.flippingbook.com/link/704677/.

23. There, Defendant provides an electronic booklet touting its program to "guarantee" that it will sell a consumer's home within 23 days, and prominently features Defendant's logo and branding.

24. Because Plaintiff already retained a non-eXp Realty real estate agent, she had no interest in Defendant's business or services, and certainly did not give her prior express written consent to Defendant to send solicitation or telemarketing messages to her cellular telephone.

---

[2]  https://www.exprealty.com/agents-search/Joshua-Jackson_9586da2d-fff0-11ed-ac29-6db5c49afa21 (last visited February 25, 2025).

[3]  https://services.azre.gov/PdbWeb/IndividualLicense/ViewIndividualLicense/316712 (last visited February 25, 2025).

Class Action Complaint - 5

25. Plaintiff did not request real estate services from Defendant, did not use Defendant's website or submit any inquiries on it, and did not otherwise communicate with Defendant prior to receiving these telemarketing communications.

26. Moreover, Defendant's messages presuppose a lack of written consent or prior dealings, as they expressly acknowledge that they are sent for the purposes of convincing Plaintiff to list her property through Defendant, and not to continue any ongoing relationship or transaction.

27. Upon information and belief, rather than by responding to a consumer's inquiry and provision of consent, Defendant obtained Plaintiff's telephone number via records searches or third-party databases that link the suspected telephone numbers of homeowners with MLS listings, searching for *expired* listings to thereafter offer real estate services to those homeowners.

28. The FCC's guidance is particularly illuminating here. Congress charged the FCC with implementing the Federal Do-Not-Call rules. 47 U.S.C. § 227(c)(1). In 2005, the National Association of Realtors petitioned the FCC for an exemption from the Do-Not-Call rules' definition of "solicitation" for calls made by real estate agents to property owners with lapsed real estate listings, where the real estate agent solicits their services to a prospective seller. *In the Matter of Rules & Reguls. Implementing the Tel. Consumer Prot. Act of 1991*, 20 F.C.C. Rcd. 3788 (2005). In interpreting the definition of "telephone solicitation," the FCC rejected this proposed exemption, and concluded "that a telephone solicitation would include calls by real estate agents to property owners for the purpose of offering their services to the owner, whether the property listing has lapsed or not." *Id.* at 3793-94.

29. In other words, the FCC has expressly declared that Defendant's conduct qualifies as a regulated telephone solicitation which accordingly must adhere to both 1) the DNC Registry; and 2) the requirement that a telemarketer obtain prior express written consent before sending any telemarketing or solicitation messages.

Class Action Complaint - 6

30. Plaintiff did not give Defendant prior express consent or prior express written consent to deliver calls or text messages to her cellular telephone number.

31. The calls and text messages at issue were sent for non-emergency purposes.

32. Upon information and belief, the calls and text messages at issue were delivered by Defendant voluntarily.

33. The purpose of the calls and text messages at issue was to advertise and to market Defendant's business or services.

34. Defendant's conduct is also consistent with the conduct alleged in *Wright, et al. v. EXP Realty, LLC*, Case No. 6:18-cv-018151, which resulted in a court-approved class settlement pursuant to Federal Rule of Civil Procedure 23(e).

35. As a result, Defendant knew, or should have known, that it and its affiliates and employees were, and are, engaging in prohibited telemarketing conduct by delivering solicitation calls and messages, absent prior express written consent, to consumers who registered their telephone numbers on the DNC Registry, including with the use of an artificial or prerecorded voice.

36. Defendant knew, or should have known, that it was generating or accepting leads that were obtained in violation of the TCPA, and—despite having a heightened duty to confirm that Defendant and its employees complied with the TCPA in the face of numerous prior consumer complaints—proceeded to accept the benefits of those unlawful leads anyway.

37. Defendant also appears to provide "[p]owerful lead generation platforms" to its agents, along with training and mentorship for lead generation techniques.[4]

38. Moreover, upon information and belief, Defendant receives a portion of commission proceeds derived from any representation of a consumer by its affiliates and

---

[4] https://cdn.bfldr.com/BI7DUWTF/at/f5pqbmkb9rrm648rbjb44b/US_eXp_ Explained_-_JOIN_SITE_updated_05022024.pdf, at 11 (last visited February 25, 2025).

Class Action Complaint - 7

employees.[5]

39. If a consumer were to give prior express written consent to Defendant to receive telemarketing communications, they do so by "consent[ing] to eXp Realty in Arizona, directly or by a third party vendor, InsideRE, LLC, acting on eXp Realty in Arizona's behalf, contacting me at this number by calling me or sending me text messages, including marketing and promotional messages, using an automatic telephone dialing system, related to our products and services for real estate transactions, even if my name appears on the 'Do Not Call' list."[6]

40. Lastly, to the extent that Defendant contends that the conduct of Mr. Jackson cannot be imputed to it, Defendant mandates the following:

> All real estate brokerage relationships established for any real estate transactions, regardless of agency status, exist solely as between eXp and the client (or customer), and not as between Agent and the client (or customer). Agent provides real estate services to the client (or customer) on eXp's behalf; all listings taken by Agent in connection with eXp's business are and remain the separate and exclusive property of eXp, and not of Agent. During the Term of this ICA, Agent shall diligently carry out Agent's duties on behalf of eXp with all reasonable skill, care, and diligence as expected of a licensed real estate professional in Agent's state(s) of licensure.[7]

41. As a result, Defendant is either directly liable for sending the calls and text messages at issue, or in the alternative, is liable for Mr. Jackson sending the text messages at issue on a theory of actual authority, implied authority, or ratification, given that the messages directed consumers to Defendant's brokerage for real estate representation, Defendant had notice that it, and its various affiliates, engaged in similar telemarketing conduct in violation of the TCPA, and Defendant nevertheless continued to accept the

---

[5] *See, e.g.*, https://explore.exprealty.com/wp-content/uploads/2021/06/US-eXp-Realty-ICA-Version-05.01.2021-SAMPLE-watermarked-1-1.pdf. A courtesy copy is attached hereto as "Exhibit A."

[6] https://phx.exprealty.com/resources.php (last visited February 25, 2025).

[7] Ex. A at 2.

benefits of its agents' conduct.

42. Plaintiff suffered actual harm as a result of the calls at issue in that she suffered an invasion of privacy, an intrusion into her life, and a private nuisance

43. Upon information and belief, Defendant knew, or should have known, that Plaintiff registered her cellular telephone number with the DNC Registry.

## Class Action Allegations

44. Plaintiff brings this action under Federal Rule of Civil Procedure 23, and as a representative of the following classes (the "Classes"):

**Robocall Class:**

> All persons and entities throughout the United States (1) to whom eXp Realty, LLC placed, or caused to be placed, a call directed to a number assigned to a cellular telephone service, but not assigned to a customer of eXp Realty, LLC, (2) by using an artificial or prerecorded voice, (3) from four years preceding the date of this complaint through the date of class certification.

**Federal Do-Not-Call Registry Class:**

> All persons throughout the United States (1) to whom eXp Realty, LLC delivered, or caused to be delivered, more than one text message or telephone call within a 12-month period, promoting eXp Realty, LLC's, or its business partners', goods or services, (2) where the person's residential or cellular telephone number had been registered with the National Do Not Call Registry for at least thirty days before eXp Realty, LLC delivered, or caused to be delivered, at least two of the calls or text messages within the 12-month period, and (3) within four years preceding the date of this complaint through the date of class certification.

45. Excluded from the Classes are Defendant, its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

46. Upon information and belief, the members of the Classes are so numerous that joinder of all of them is impracticable.

47. The exact number of members of the Classes are unknown to Plaintiff at this time, and can be determined only through appropriate discovery.

48. The members of the Classes are ascertainable because the Classes are defined by reference to objective criteria.

49. In addition, the members of the Classes are identifiable in that, upon information and belief, their telephone numbers, names, and addresses can be identified in business records maintained by Defendant, and by third parties, including members of the Classes.

50. Plaintiff's claims are typical of the claims of the members of the Classes.

51. As it did for all members of the Robocall Class, Defendant placed telephone calls by using an artificial or prerecorded voice to Plaintiff's telephone number absent prior express consent.

52. As it did for all members of the Federal Do-Not-Call Registry Class, Defendant delivered solicitation telephone calls and text messages to Plaintiff's telephone number more than thirty days after Plaintiff registered her cellular telephone number with the DNC Registry.

53. Plaintiff's claims, and the claims of the members of the Classes, originate from the same conduct, practice, and procedure on the part of Defendant.

54. Plaintiff's claims are based on the same theories as are the claims of the members of the Classes.

55. Plaintiff suffered the same injuries as the members of the Classes.

56. Plaintiff will fairly and adequately protect the interests of the members of the Classes.

57. Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the Classes.

58. Plaintiff will vigorously pursue the claims of the members of the Classes.

59. Plaintiff has retained counsel experienced and competent in class action litigation.

60. Plaintiff's counsel will vigorously pursue this matter.

61. Plaintiff's counsel will assert, protect, and otherwise represent the members

of the Classes.

62. The questions of law and fact common to the members of the Classes predominate over questions that may affect individual members of the Classes.

63. Issues of law and fact common to all members of the Classes include:

    a. For the Robocall Class, Defendant's practice of placing telephone calls to cellular telephone numbers, with the use of an artificial or prerecorded voice, absent prior express consent;

    b. For the Federal Do-Not-Call Registry Class, Defendant's practice of placing telephone calls, for solicitation purposes, to telephone numbers already registered on the DNC Registry for more than thirty days;

    c. Defendant's conduct, pattern, and practice as it pertains to delivering artificial or prerecorded voice solicitation messages;

    d. Defendant's responsibility and role in its agents' delivery of artificial or prerecorded voice messages to cellular telephone numbers absent prior express consent, along their his responsibility and role in its agents' placement of telephone calls and deliver of text messages to telephone numbers already registered on the DNC Registry absent prior express written consent;

    e. Defendant's violations of the TCPA; and

    f. The availability of statutory penalties.

64. A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

65. If brought and prosecuted individually, the claims of the members of the Classes would require proof of the same material and substantive facts.

66. The pursuit of separate actions by individual members of the Classes would, as a practical matter, be dispositive of the interests of other members of the Classes, and could substantially impair or impede their ability to protect their interests.

67. The pursuit of separate actions by individual members of the Classes could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.

68. These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the Classes.

69. The damages suffered by the individual member of the Classes may be relatively small, thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the Classes to redress the wrongs done to them.

70. The pursuit of Plaintiff's claims, and the claims of the members of the Classes, in one forum will achieve efficiency and promote judicial economy.

71. There will be no extraordinary difficulty in the management of this action as a class action.

72. Defendant acted or refused to act on grounds generally applicable to the members of the Classes, making final declaratory or injunctive relief appropriate.

## Count I
## Violation of 47 U.S.C. § 227(b)(1)(A)(iii)
## On behalf of the Robocall Class

73. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-72.

74. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by delivering artificial or prerecorded voice messages to Plaintiff's cellular telephone number without prior express consent.

75. In the alternative, Mr. Jackson violated 47 U.S.C. § 227(b)(1)(A)(iii) by delivering artificial or prerecorded voice messages to Plaintiff's cellular telephone number without prior express consent, and Defendant is liable for Mr. Jackson's violations because (1) it ratified Mr. Jackson's conduct by either accepting leads and commission revenue generated by Mr. Jackson's robocalling campaign, and agreeing to

share revenue with Mr. Jackson that arose out of that robocalling campaign, and promoting, and supporting Mr. Jackson's realty business as an eXp-licensed agent; or (2) Mr. Jackson acted with actual or apparent authority on behalf of Defendant in robocalling consumers without obtaining prior express consent.

76. As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff, and the members of the Robocall Class, are entitled to damages in an amount to be proven at trial.

## Count II
## Violation of 47 U.S.C. § 227(c)(5)
## On behalf of the Federal Do-Not-Call Registry Class

77. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-72.

78. A text message is a "call" as defined by the TCPA. *See, e.g.*, *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954 (9th Cir. 2009).

79. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

80. Section 64.1200(e) provides that §§ 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."

81. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of those regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

82. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the class

members who registered their respective cellular or residential telephone numbers with the DNC Registry, which is a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

83. Defendant violated 47 U.S.C. § 227(c)(5) because it delivered, or caused to be delivered, to Plaintiff and members of the Class, more than one solicitation call or text message in a 12-month period in violation of 47 C.F.R. § 64.1200.

84. In the alternative, Mr. Jackson violated 47 U.S.C. § 227(c)(5) by delivering more than one solicitation call or text message in a 12-month period to Plaintiff's cellular telephone number without prior express written consent, and Defendant is liable for Mr. Jackson's violations because (1) it ratified Mr. Jackson's conduct by either accepting leads and commission revenue generated by Mr. Jackson's telemarketing campaign, and agreeing to share revenue with Mr. Jackson that arose out of that telemarketing campaign, and promoting, and supporting Mr. Jackson's realty business as an eXp-licensed agent; or (2) Mr. Jackson acted with actual or apparent authority on behalf of Defendant in telemarketing to consumers without obtaining prior express written consent.

85. As a result of Defendant's violations of 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200, Plaintiff, and the members of the Class, are entitled to damages in an amount to be proven at trial.

### Prayer for Relief

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a. Determining that this action is a proper class action;

b. Designating Plaintiff as class representative of the proposed Class under Federal Rule of Civil Procedure 23;

c. Designating Plaintiff's counsel as class counsel under Federal Rule of Civil Procedure 23;

d. Adjudging and declaring that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) and 47 U.S.C. § 227(c)(5);

e. Enjoining Defendant from continuing its violative behavior,

|   |   |   |
|---|---|---|
|   |   | including continuing to deliver solicitation calls or text messages to telephone numbers registered with the DNC Registry for at least thirty days; |
|   | f. | Awarding Plaintiff and the members of the Robocall Class damages under 47 U.S.C. § 227(b)(3)(B); |
|   | g. | Awarding Plaintiff and the members of the Robocall Class treble damages under 47 U.S.C. § 227(b)(3)(C); |
|   | h. | Awarding Plaintiff and the members of the Federal Do-Not-Call Registry Class damages under 47 U.S.C. § 227(c)(5)(B); |
|   | i. | Awarding Plaintiff and the members of the Federal Do-Not-Call Registry Class damages under 47 U.S.C. § 227(c)(5)(C); |
|   | j. | Awarding Plaintiff and the members of the Class reasonable attorneys' fees, costs, and expenses under Rule 23 of the Federal Rules of Civil Procedure; |
|   | k. | Awarding Plaintiff and the members of the Class any pre-judgment and post-judgment interest as may be allowed under the law; and |
|   | l. | Awarding such other and further relief as the Court may deem just and proper. |

### **TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues so triable.

Date: March 6, 2025      By:    /s/ Alex D. Kruzyk
                                Alex D. Kruzyk* (to seek admission *pro hac vice*)
                                Bryan A. Giribaldo* (to seek admission *pro hac vice*)
                                **PARDELL, KRUZYK & GIRIBALDO, PLLC**
                                7500 Rialto Blvd. Suite 1-250
                                Austin, Texas 78735
                                Tele: (561) 726-8444
                                akruzyk@pkglegal.com
                                bgiribaldo@pkglegal.com

Class Action Complaint - 15

By:  /s/ *Todd M. Friedman*
Todd M. Friedman * (to seek admission *pro hac vice*)
Adrian R. Bacon *(to seek admission pro hac vice)
**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
21031 Ventura Blvd., Suite 340
Woodland Hills, CA 91364
Phone: (323) 306-4234
tfriedman@toddflaw.com
abacon@toddflaw.com

*Counsel for Plaintiff and the proposed class*